

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00386-CV

---

## IN THE INTEREST OF T.W., A CHILD

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 96596-D-FM, Honorable Carry Baker, Presiding

---

April 2, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, S.W. (Mother) appeals from the trial court's final order terminating her parental rights to T.W., a child.[1]  Mother contends the trial court violated her Sixth Amendment right to confrontation[2] by admitting drug test results via a business record affidavit instead of through a sponsoring witness.  We affirm.

---

[1] To protect T.W.'s privacy, we will refer to S.W. as "Mother," and the child by her initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).  The parental rights of T.W.'s father, R.W. or "Father," were terminated in the same proceeding.  Father did not appeal from the judgment.

[2] *See* U.S. CONST. amend. VI.

## Background

In March 2022, the Texas Department of Family and Protective Services became involved due to a domestic violence incident in T.W.'s presence in which Father eventually pleaded guilty to assaulting Mother, causing bodily injury; he received twelve months of deferred adjudication community supervision. The Department required that Father find separate living arrangements.

The evidence shows Mother's 17-year struggle with methamphetamine use. She had previously forfeited her parental rights to seven other children due to alleged methamphetamine use, as well as concerns about sexual abuse and domestic violence. After Father left the household in April 2022, Mother became depressed and doubted her abilities to care for T.W. alone. Mother admitted a history of using methamphetamine to a Department investigator and expressed concern that she would relapse. The Department initially permitted Mother to have supervised visitation with T.W. through a family friend, but the friend was instructed to leave the residence after using methamphetamine. Although the Department advised Mother the friend should not be around T.W., the investigator returned less than 24 hours later and found the friend in the residence again.

Meanwhile, Mother's behaviors became more erratic, as she admitted to the investigator to suffering from untreated depression, anxiety, and bipolar disorder. When no one else came forward to assist Mother with T.W.'s care, the Department removed the child and placed her in foster care. At removal, T.W. was less than a year old.

Mother admitted in testimony that throughout the history of the 18-month case, methamphetamine use had been a problem for Mother. She acknowledges that methamphetamine is harmful to the child. In April 2022, the investigator sent Father[3] and Mother to undergo a follicle drug screen. The investigator testified without objection that Mother tested positive for the presence of substances in the following quantities:

- Methamphetamine:      41,462

- Amphetamine      4,111

Four months later, Mother was charged with endangering T.W. by possessing methamphetamine. Mother pleaded guilty and was placed on three years of probation.

Mother agreed she tested positive for drug use throughout the proceedings. She completed some services but not others. Mother twice attempted treatment in rehabilitation to quit drugs but began using methamphetamine again thereafter. Mother admitted to using methamphetamine as recently as two to three months before final hearing. She described her addiction as a "daily struggle."[4] Over Mother's objections, the trial court admitted Exhibits 2 and 4, which contained results of drug tests performed on Mother and Father while the case was pending.

On October 31, 2023, the trial court signed an order terminating Mother's parental rights to T.W. The court found by clear and convincing evidence that predicate grounds

---

[3] Father's test results indicated the presence of methamphetamine, amphetamine, and cocaine in high quantities.

[4] Mother does not challenge whether the State's evidence to terminate her parental rights is sufficient.

existed to support termination of parental rights, per Texas Family Code section 161.001 (D), (E), (O) and (P), and that termination was in T.W.'s best interest.

## Analysis

We articulate the sole issue on appeal in the manner framed by Appellant: "Whether [Mother's] Sixth Amendment right to confrontation [was] violated as the trial court admitted drug test results by business record affidavit without a sponsoring expert witness."[5]  We answer that question, "No."  The Sixth Amendment to the United States Constitution provides, in relevant part: "*In all criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against [her] . . . ."[6] (emphasis added).  Consistent with the text, the United States Supreme Court has previously held that "[t]he protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'"  *Austin v. United States*, 509 U.S. 602, 608, 113 S. Ct. 2801, 125 L. Ed.2d 488 (1993).  Our state Supreme Court has held that parental termination cases are civil in nature because "[i]n securing what is in the best interests of the child, the State is not pursuing a retributive or punitive aim, but a 'purely remedial function: the protection of minors.  It does not aim to punish or to impose retribution.'"  *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2002) (quoting *Ex parte Cantu*, 913 S.W.3d 701, 706 (Tex. App.—San Antonio

---

[5] She similarly asserts in her Conclusion: "Appellant's Sixth Amendment Constitutional rights to due process to confrontation were violated in this case as her legal counsel was denied the right to confront an expert witness regarding S.W.'s hair follicle drug test results as the trial court admitted drug test results by business record affidavit only."  We review this issue de novo because it presents a question of law.  *See Cisneros v. State,* No. 07-18-00260-CR, 2019 Tex. App. LEXIS 10424, at *9 (Tex. App.—Amarillo Dec. 2, 2019, no pet.)*; Scally v. Tex. State Bd. of Med. Examiners*, 351 S.W.3d 434, 446 (Tex. App.—Austin 2011, pet. denied).

[6] Article I, section 10 of the Texas Constitution similarly provides that "[i]n all criminal prosecutions[,] the accused . . . shall be confronted by the witnesses against him . . . ."  TEX. CONST. art. I, § 10.

1995, pet. ref'd), *cert. denied*, 515 U.S. 1145, 115 S. Ct. 2584, 132 L. Ed. 2d 833 (1995)).

Because parental termination cases lack the purpose to punish and are designed to

protect the best interests of the child, parental termination proceedings are, by their

nature, civil, not criminal.

Appellant's brief does not discuss the holdings in *Austin* or *A.V.* Rather, she

misplaces reliance on *In the Interest of K.C.P.*, 142 S.W.3d 574 (Tex. App.—Texarkana

2004, no pet.) for her Confrontation Clause argument. In that case, the term "confront"

appears in a single instance, and only in a parenthetical discussion of how the Court of

Criminal Appeals uses a balancing test for disallowing confrontation in parole revocation

proceedings.[7] Instead, the issue before the Texarkana court involved a mother's

complaint that the State's admitted drug test results were improperly admitted as business

records because they lacked a showing of trustworthiness. *Id.* at 580.[8]

In addition, we note that testimony of Mother's alleged methamphetamine use

during the pendency of this case was presented without objection throughout the entirety

---

[7] *See id.* at 584 n.1 (citing *Ex parte Taylor*, 957 S.W.2d 43, 46 (Tex. Crim. App. 1997)).

[8] After posing the question, "Were records of drug tests improperly admitted as business records," (*id.* at 578), the court answered:

> It is uncontradicted that no evidence was presented regarding the qualifications of the persons who tested the specimens, the types of tests administered, or whether such tests were standard for the particular substance. We believe that admitting drug tests in a termination of parental rights case with no information as to the qualifications of the person or equipment used, the method of administering the test, and whether the test was a standard one for the particular substance indicates a lack of trustworthiness of the tests and that admission of such evidence is an abuse of discretion.

*Id.* at 580. Even so, however, the court held that any error was harmless because other evidence of drug use, including mother's admissions, was properly admitted. *Id.* at 581. In the present case, evidence was presented without objection regarding Mother's methamphetamine use during the pendency of the case, including Mother's admissions to the same.

5

of the final hearing.  Even if Mother possessed a right of confrontation, the trial court's admission of Exhibits 2 and 4 is cumulative of the other admitted evidence regarding Mother's drug use during this same period.  *See McNac v. State*, 215 S.W.3d 420, 424–25 (Tex. Crim. App. 2007); *Dixon v. State*, No. 07-16-00058-CR, 2022 Tex. App. LEXIS 268, at *16 (Tex. App.—Amarillo 2022, pet. ref'd).  We overrule Appellant's sole issue.

## Conclusion

The trial court's judgment is affirmed.


Lawrence M. Doss
Justice